**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, )<br>)<br>     Petitioner, )<br>)<br>v.                  )<br>)<br>CRAIG HANKS, Superintendent )<br>)<br>     Respondent. ) | No. 2:05-cv-178-RLY-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Shavaughn Carlos Wilson-El ("Wilson-El") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding in which he was found to be an habitual rule violator. This infraction occurs when an inmate accumulates a series of disciplinary convictions of a certain nature and within a specified period of time. Although Wilson-El contends that the challenged proceeding was constitutionally infirm, the court concludes otherwise, and hence finds that the petition for a writ of habeas corpus must be **denied.**

**Discussion**

Wilson-El seeks relief pursuant to 28 U.S.C. § 2254(a).  He is entitled to the relief he seeks if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

Wilson-El has a protected liberty interest in his good-time credits and credit-earning class and may not be deprived of either without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002)(per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 645 (7th Cir. 2001). In this context, due process consists of advance written notice of the charges, *see Wolff v.McDonnell,* 418 U.S. 539, 564 (1974), a limited right to call witnesses and produce documentary evidence, *id.* at 566-67, a right to be heard before an impartial decision maker, *id.* at 570-71, and a written statement as to the evidence relied on and reasons for the disciplinary action, *id.* at 563-64, that is supported by "some evidence" in the record. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Wilson-El received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Wilson-El was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Wilson-El's contentions otherwise each lack merit.

- His challenge to the character of the prior disciplinary proceedings as "retaliatory" is unsupported. His own documents of those matters show that the procedural protections required by *Wolff* were provided, and a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff*'s procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff*, 418 U.S. at 571. The assertion of retaliation made as to the prior disciplinary violations does not warrant relief in this case.

- Wilson-El's second claim is that the conduct board gave an inadequate statement of its findings or of the evidence on which it relied to support its findings. Such statements are required by *Woff* to inform the inmate of what occurred and to permit meaningful administrative and judicial review. *See Culbert v. Young,* 834 F.2d 624, 630 (7th Cir. 1987) (applying both *Wolff* and *Hill,* the court reached the conclusion that "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides"). This requirement was satisfied here, where the conduct board listed the evidence on which it relied and where the written statement of its finding was that it found Wilson-El guilty. *See Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (where it is "obvious" that a disciplinary committee believed the conduct report and disbelieved the plaintiff and there is no mystery about its reasons, even a statement of extreme brevity concerning the reasons for its findings is not below the constitutional minimum).

- Wilson-El challenges the sanctions which were imposed. Those sanctions were, however, within the range of authorized sanctions for his infraction. A challenge to the severity of the sanctions imposed is not cognizable under 28 U.S.C. § 2254(a) under the circumstances of this case.  See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

There was no arbitrary action in any aspect of the charges, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Wilson-El to relief. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**IT IS SO ORDERED.**

Date: 11/22/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana